**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ReGinald Holland-Houston,

                    Plaintiff,

vs.

Malveaux,

                    Defendant.

Case No. 2:25-cv-00336-RFB-MDC

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 12) AND DENYING MOTION FOR EXTENSION OF TIME (ECF NO. 13)**

Pending before the Court is plaintiff's *Motion for Appointment of Counsel* ("Appoint Motion") (ECF No. 12) and *Motion for Extension of Time* ("Extend Motion") (ECF No. 13) regarding the filing of the Discovery Plan and Scheduling Order in this case. The Court **DENIES** the Appoint Motion without prejudice and **DENIES** the Extend Motion as moot for the reasons below.

**DISCUSSION**

**I.     BACKGROUND**

Plaintiff brings this case under 42 U.S.C. § 1983. The Court screened his complaint (ECF No. 1-1) and found that his excessive force claim against defendant Malveaux ("defendant") was colorable and allowed it to proceed. *ECF No. 3*.

Following unsuccessful attempts at settlement and defendant filing an Answer, plaintiff now moves for *pro bono* appointment of counsel. *ECF No. 12*. Plaintiff also moves for an extension of time to file a Discovery Plan and Scheduling Order in this case. *ECF No. 13*.

**II.    APPOINT MOTION**

**A.     Legal Standard**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1),

1

the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g.*, *McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991) (citation omitted).

**B.     Analysis**

Plaintiff has not established that exceptional circumstances exist to warrant appointment of counsel in his civil case. Plaintiff argues that he cannot afford an attorney, that this case is complex, and that his current incarceration prevents him from effectively litigating his claim. *ECF No. 12*. However, plaintiff fails to demonstrate circumstances that are not common to other prisoners sufficient to grant the Appoint Motion. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (finding that difficulties that are common in all litigants proceeding *pro se* does not qualify as exceptional circumstances); *see also Boyd v. Henry,* No. 2:23-cv-01022-CDS-MDC, 2024 WL 4046456, at *5 (D. Nev. May 9, 2024) ("An inability to retain an attorney, along with the claims that the case is complex and he does not have access to legal search engines, are not sufficient to warrant the appointment of counsel.").

Plaintiff has also successfully passed screening, meaning that he was able to articulate the basis for his claim. However, plaintiff has not shown that there is a likelihood of success on the merits. *See Collins v. Repp*, No. 2:24-cv-00676-GMN-NJK, 2025 WL 315133, at *1 (D. Nev. January 28, 2025)

("While Plaintiff has stated a colorable claim sufficiently to proceed past the pleading stage, Plaintiff has not yet demonstrated that evidence shows a likelihood to succeed on the merits of that claim.") (internal citations omitted). In evaluating the likelihood of plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved, the Court finds that plaintiff has failed to establish that exceptional circumstances exist at this time. Therefore, plaintiff's request for appointment for counsel in his case is denied without prejudice.

**II.    Extend Motion**

Plaintiff also requests for a 30-day extension of time to file a Discovery Plan and Scheduling Order in this case. *ECF No. 13*. However, LR 16-1(b) states that "in actions by or on behalf of inmates under 42 U.S.C. § 1983 ...no discovery plan is required," rather "a scheduling order [is] entered within thirty (30) days after the first defendant answers or otherwise appears." This is an action brought under 42 U.S.C. § 1983. Defendant filed an Answer on January 15, 2026 (ECF No. 11). Plaintiff thus does not need to file a proposed Discovery Plan and Scheduling Order in this case. The Court will issue Discovery Plan and Scheduling Order following the issuing of this Order. Therefore, the Extend Motion is **DENIED** as moot.

ACCORDINGLY,

**IT IS ORDERED that:**

1.    The *Motion for Appointment of Counsel* (ECF No. 12) is **DENIED** without prejudice.

2.    The *Motion for Extension of Time* (ECF No. 13) is **DENIED** as moot. The Court will issue a Discovery Plan and Scheduling Order following the issuing of this Order.

DATED: February 23, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

3

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.