**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ReGinald Holland-Houston,

Plaintiff,

vs.

Malveaux, *et al.*,

Defendants.

Case No. 2:25-cv-00336-RFB-MDC

**ORDER GRANTING MOTION TO SEAL (ECF NO. 17)**

Defendant Malveaux ("Malveaux") filed a *Motion to Seal* (ECF No. 17) ("Seal Motion") Exhibit J attached to his *Motion for Summary Judgment* (ECF No. 16) ("Summary Judgment Motion"). He also filed the unredacted version of Exhibit J under seal (ECF No. 18). The Court **GRANTS** the Seal Motion for the reasons below.

Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc*., 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one "traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted). "What constitutes a compelling reason is best left to the sound

discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599) (internal quotations omitted). If a party seeks to seal a document attached to a non-dispositive motion, then the party need only show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at 1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Malveaux seeks to seal Exhibit J supporting a response to a Summary Judgment Motion. *ECF No. 17*. Therefore, the Court applies the "compelling reason" standard regarding Malveaux's request to seal. *See, e.g.*, *Garcia v. Specialized Loan Servicing LLC*, No. 2:17-cv-01721-RFB-VCF, 2018 WL 3489237 (D. Nev. July 18, 2018) (applying the compelling reason standard to exhibits attached to a response to a Motion for Summary Judgment).

Malveaux argues that compelling reasons exist to seal the exhibit, which consists of plaintiff's confidential medical records. *ECF No. 17*. The Court agrees. Courts have found that protecting a party's confidential medical information satisfies the compelling reasons standard. *See, e.g., Abbey v. Haw. Emps. Mut. Ins. Co.*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010) (collecting cases).

Given the foregoing and because the Seal Motion is unopposed (*see* LR 7-2(d)), the Court thus grants Malveaux's request to seal. Defendant Malveaux's unredacted version of Exhibit J in support of his Summary Judgment Motion shall remain under seal.

//

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED** that defendant Malveaux's *Motion to Seal* (ECF No. 17) is **GRANTED**. Defendant Malveaux's unredacted version of Exhibit J (ECF No. 18) in support of his *Motion for Summary Judgment* shall remain under seal.

Dated: November 24, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.